IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TODD M. F.,[1] )
)
        Plaintiff, )
)
vs. ) Civil No. 18-cv-019-CJP[2]
)
COMMISSIONER OF SOCIAL )
SECURITY, )
)
        Defendant. )

## **MEMORANDUM and ORDER**

**PROUD, Magistrate Judge:**

In accordance with 42 U.S.C. § 405(g), plaintiff seeks judicial review of the final agency decision denying his application for Disability Insurance Benefits (DIB) pursuant to 42 U.S.C. § 423.

## **Procedural History**

Plaintiff applied for benefits in May 2014, alleging disability beginning on March 24, 2011. After holding an evidentiary hearing, ALJ Kellie Wingate Campbell denied the application on May 3, 2017. (Tr. 16-24). The Appeals Council denied review, and the decision of the ALJ became the final agency decision. (Tr. 1). Administrative remedies have been exhausted and a timely complaint was filed in this Court.

---

[1] In keeping with the court's recently adopted practice, plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. See, Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.

[2] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 17.

1

## Issue Raised by Plaintiff

Plaintiff raises the following issue:

*1.* Whether the ALJ erred in failing to identify and reconcile apparent conflicts between the VE's testimony and the *Dictionary of Occupational Titles* (DOT)*.*

## Applicable Legal Standards

To qualify for DIB, a claimant must be disabled within the meaning of the applicable statutes. For these purposes, "disabled" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

A "physical or mental impairment" is an impairment resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3). "Substantial gainful activity" is work activity that involves doing significant physical or mental activities, and that is done for pay or profit. 20 C.F.R. § 404.1572.

Social Security regulations set forth a sequential five-step inquiry to determine whether a claimant is disabled. The Seventh Circuit Court of Appeals has explained this process as follows:

> The first step considers whether the applicant is engaging in substantial gainful activity. The second step evaluates whether an alleged physical or mental impairment is severe, medically determinable, and meets a durational requirement. The third step compares the impairment to a list of impairments that are considered

> conclusively disabling. If the impairment meets or equals one of the listed impairments, then the applicant is considered disabled; if the impairment does not meet or equal a listed impairment, then the evaluation continues. The fourth step assesses an applicant's residual functional capacity (RFC) and ability to engage in past relevant work. If an applicant can engage in past relevant work, he is not disabled. The fifth step assesses the applicant's RFC, as well as his age, education, and work experience to determine whether the applicant can engage in other work. If the applicant can engage in other work, he is not disabled.

*Weatherbee v. Astrue*, 649 F.3d 565, 568-569 (7th Cir. 2011).

Stated another way, it must be determined: (1) whether the claimant is presently unemployed; (2) whether the claimant has an impairment or combination of impairments that is serious; (3) whether the impairments meet or equal one of the listed impairments acknowledged to be conclusively disabling; (4) whether the claimant can perform past relevant work; and (5) whether the claimant is capable of performing any work within the economy, given his or her age, education and work experience. 20 C.F.R. § 404.1520; *Simila v. Astrue*, 573 F.3d 503, 512-513 (7th Cir. 2009).

If the answer at steps one and two is "yes," the claimant will automatically be found disabled if he or she suffers from a listed impairment, determined at step three. If the claimant does not have a listed impairment at step three and cannot perform his or her past work (step four), the burden shifts to the Commissioner at step five to show that the claimant can perform some other job. *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984). *See also Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001) (Under the five-step evaluation, an "affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the

claimant is disabled…. If a claimant reaches step 5, the burden shifts to the ALJ to establish that the claimant is capable of performing work in the national economy.").

This Court reviews the Commissioner's decision to ensure that the decision is supported by substantial evidence and that no mistakes of law were made. It is important to recognize that the scope of review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). Thus, this Court must determine not whether plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). This Court uses the Supreme Court's definition of substantial evidence, i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does <u>not</u> reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Murphy v. Colvin,* 759 F.3d 811, 815 (7th Cir. 2014). However, while judicial review is deferential, it is not abject; this Court does not act as a rubber stamp for the Commissioner. See, *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010), and cases cited therein.

**<u>The Decision of the ALJ</u>**

ALJ Campbell followed the five-step analytical framework described above. She determined that plaintiff had not been engaged in substantial gainful activity since the alleged onset date, except for the period of March to December 2011. He was insured for DIB only through December 31, 2016. The ALJ found that plaintiff had severe impairments of left shoulder osteoarthritis and chondromalacia, status post surgeries; bilateral knee osteoarthritis; and obesity. She further determined that these impairments do not meet or equal a listed impairment.

The ALJ found that plaintiff had the residual functional capacity (RFC) to perform work at the light exertional level with some physical limitations, including a limitation to only occasional overhead reaching with the left (non-dominant) upper extremity.

The ALJ found that plaintiff was unable to perform his past relevant work as a carpenter. Based on the testimony of a vocational expert, the ALJ found that plaintiff was not disabled because he was able to do other jobs that exist in significant numbers in the national economy.

### The Evidentiary Record

The Court has reviewed and considered the entire evidentiary record in formulating this Memorandum and Order. In view of plaintiff's arguments, the Court will omit a discussion of the medical evidence.

Plaintiff was represented by an attorney at the evidentiary hearing in April 2017. (Tr. 32).

Plaintiff testified regarding his symptoms, medical treatment, and daily

activities. (Tr. 37-45).

A vocational expert (VE) also testified. The ALJ asked a hypothetical question which corresponded to the RFC assessment. The VE testified that this person could not do plaintiff's past work. She identified three other jobs that could be done by a person with plaintiff's RFC: toll collector (DOT 211.462-038), office helper (DOT 239.567-010), and information clerk (DOT 237.367-018). The ALJ asked whether her testimony had been consistent with the DOT. She answered:

> It is consistent with the DOT. The DOT does not address overhead lifting, specifically. It does not address using the right or left hand/arm. It does not address – let me think about each of the questions. I think that covers –

The ALJ then interjected, "I think the repetitive, maybe the repetitive use of the left arm as asked in one question." The VE then volunteered that her responses were based on her experience working in the field of vocational rehabilitation, placing individuals in the types of jobs discussed, analyzing jobs and job tasks, and conducting labor market surveys. Plaintiff's counsel asked no questions of the VE about any conflict with the DOT or the basis for her testimony and did not object to her testimony. (Tr. 46-53).

### **Analysis**

Plaintiff's only argument is that the ALJ failed to sufficiently identify and reconcile conflicts between the VE's testimony and the DOT.

Plaintiff argues that the VE's testimony conflicted with information in the DOT because the hypothetical question limited plaintiff to occasional overhead

6

reaching with the left arm, and the VE identified jobs that require frequent reaching. Further, the DOT does not address whether reaching is required with both or only one arm, and gives frequency requirements for reaching in general, but not for reaching in any particular direction.

As was noted above, at step five of the sequential analysis, if the claimant is not able to perform his past work, the Commissioner bears the burden of showing that he is capable of performing other jobs that exist in significant numbers in the economy.

In making the step five determination, the ALJ generally relies on the DOT for information about the typical characteristics of jobs as they exist in the economy.[3] An ALJ is required to take administrative notice of job information contained in various publications, including the DOT, published by the Department of Labor. See, 20 C.F.R. § 404.1566(d)(1). The ALJ often also relies on testimony from a VE to "supplement the information provided in the DOT by providing an impartial assessment of the types of occupations in which claimants can work and the availability of positions in such occupations." *Weatherbee v. Astrue*, 649 F.3d 565, 569 (7th Cir. 2011).

When a VE testifies, the ALJ is required to ask the VE whether there are any conflicts between her testimony and the information in the DOT:

Occupational evidence provided by a VE or VS [vocational specialist]

---

[3] The Seventh Circuit has pointed out the inadequacies of the DOT as a source of information. "A further problem is that the job descriptions used by the Social Security Administration come from a 23–year–old edition of the Dictionary of Occupational Titles, which is no longer published, and mainly moreover from information from 1977–37 years ago. No doubt many of the jobs have changed and some have disappeared. We have no idea how vocational experts and administrative law judges deal with this problem." *Browning v. Colvin*, 766 F.3d 702, 709 (7th Cir. 2014).

> generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

SSR 00-4p, 2000 WL 1898704, at *2.

For each job title, the DOT specifies whether certain physical and mental activities are required, and, if so, the frequency with which they are required. The DOT does not, of course, speak to every possible aspect of the job title. For example, the DOT sets forth a requirement for frequency of reaching in general for each job title but does not specify whether reaching in any particular direction is required, or whether bilateral reaching is required. See, *Prochaska*, 454 F.3d at 736.

Here, the VE fulfilled her duty to ask the VE whether her testimony conflicts with information contained in the DOT. The VE said that her testimony was consistent, but also pointed out that the DOT does not address whether use of one or both arms is required. The ALJ herself pointed out that the DOT does not address "repetitive use of the left arm." (Tr. 51).

Plaintiff now argues that there was a conflict because the DOT says that all three jobs require "frequent reaching," but plaintiff was limited to only occasional overhead reaching with the left arm. However, at the hearing, the VE testified that the jobs of information clerk and office helper "classify reaching at the frequent level but lifting or reaching with the left hand would be on a limited basis as a helping

hand." (Tr. 49). Also, the VE noted that the DOT does not address whether bilateral reaching is required. The ALJ made it clear that she understood that the "repetitive use of the left arm" was also not addressed in the DOT. (Tr. 51). Thus, plaintiff has not identified any conflict here that was not identified at the hearing. He argues, correctly, that all three jobs, not just the two highlighted by the VE, require frequent reaching, but that discrepancy is harmless as identifying one job that exists in significant numbers would be sufficient at step five.

Defendant argues that there is no conflict here because the VE testified about subjects not addressed in the DOT. Doc. 20, p. 3. This argument glosses over the fact that the DOT says the jobs require frequent reaching, but plaintiff was limited to less than frequent reaching with one arm. The Court recognizes that the DOT does not specify whether bilateral reaching is required, but the DOT does address the frequency of reaching. Therefore, this situation is different from, for example, a sit/stand option, which is not addressed by the DOT at all. Therefore, it is not necessary to decide here whether a VE's testimony on a topic not addressed by the DOT constitutes a conflict at all, much less an apparent one. However, see *Collins v. Berryhill*, 2018 WL 3783601 (7th Cir. Aug. 9, 2018), reh'g denied (Sept. 24, 2018)(nonprecedential); *Zblewski v. Astrue*, 302 F. App'x 488 (7th Cir. 2008).

Plaintiff's real argument is that the ALJ failed to resolve the conflicts that had been identified. He argues that the VE did not provide a sufficient basis for her testimony that plaintiff could do the three jobs, and that there was no basis for her estimates of job numbers. Here, however, he runs into a problem because he did not object to any aspect of the VE's testimony.

9

Citing *Brown v. Colvin*, 845 F.3d 247, 254 (7th Cir. 2016), plaintiff argues broadly that "in the Seventh Circuit, a claimant is not required to object to VE testimony in order to obtain court review of an ALJ's failure to identify and resolve a conflict with the DOT." Doc. 10, p. 8. That broad argument is not supported by *Brown*.

In *Brown*, plaintiff argued that the VE's testimony was deficient on several grounds. She argued that the VE testified about subjects not covered by the DOT, but she conceded that that testimony supplemented but did not conflict with the DOT. The Seventh Circuit held that she forfeited that argument by failing to object at the hearing. She "also forfeited her argument regarding the vocational expert's testimony about the number of positions for each of the six jobs by failing to object during the hearing." *Brown*, 845 F.3d at 254. The Court did hold, however, that Brown's failure to object to the sufficiency of the VE's explanation for her testimony regarding an identified conflict with the DOT did not mean that her argument was forfeited. "We have repeatedly noted that if a vocational expert's testimony appears to *conflict* with the DOT, the ALJ 'must obtain 'a reasonable explanation for the apparent conflict,'" and that a claimant's failure to object during a hearing cannot excuse an ALJ's failure to do so." *Brown*, 845 F.3d at 254–55.

The Seventh Circuit has "expressed concern" regarding VE testimony on job numbers. *Alaura v. Colvin*, 797 F.3d 503, 507 (7th Cir. 2015)( collecting cases). However, it has not held that a plaintiff may challenge the basis for the job numbers testimony without having objected at the agency level. Accordingly, this Court holds that plaintiff has forfeited his argument that there was not a sufficient basis

for the VE's testimony regarding job numbers. *Brown*, 845 F.3d at 254; *Barrett v. Barnhart*, 355 F.3d 1065, 1067 (7th Cir.), on reh'g, 368 F.3d 691 (7th Cir. 2004).

That leaves plaintiff's argument that the ALJ failed to obtain a sufficient explanation for the basis of the VE's testimony regarding the identified conflict, i.e., frequency of reaching. The VE said that her testimony was based on "experience working in the field of vocational rehabilitation, assisting individuals with direct job placement in the types of jobs we've discussed, as well as return to work and stay at work, analyzing jobs and job tasks, and conducting labor market surveys." (Tr. 51).

The Seventh Circuit has held that an explanation similar to the one advanced here is insufficient. *Brown v. Colvin*, 845 F.3d 247, 255 (7th Cir. 2016); *Herrmann v. Colvin*, 772 F.3d 1110, 1113 (7th Cir. 2014); *McKinnie v. Barnhart*, 368 F.3d 907, 911 (7th Cir. 2004).

The testimony of a VE can constitute substantial evidence to support the ALJ's step five finding, but only if that testimony is reliable. *McKinnie v. Barnhart*, 368 F.3d 907, 910 (7th Cir. 2004). Again, the Commissioner bears the burden of proof at step five. Although the Federal Rules of Evidence do not apply in administrative proceedings, expert witnesses still must use "reliable methods" to arrive at their conclusions. *Chavez v. Berryhill*, 895 F.3d 962, 968 (7th Cir. 2018); *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002). There is no way to assess the reliability of the VE's testimony where, as here, she does not give a sufficient basis for her testimony.

Because the ALJ erred at step five, this case must be remanded. Remand is

required where, as here, the decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review." *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2010).

The Court wishes to stress that this Memorandum and Order should not be construed as an indication that the Court believes that plaintiff was disabled during the relevant time or that he should be awarded benefits. On the contrary, the Court has not formed any opinions in that regard and leaves those issues to be determined by the Commissioner after further proceedings.

## Conclusion

The Commissioner's final decision denying plaintiff's application for social security disability benefits is REVERSED and REMANDED to the Commissioner for rehearing and reconsideration of the evidence, pursuant to sentence four of 42 U.S.C. §405(g).

The Clerk of Court is directed to enter judgment in favor of plaintiff.

**IT IS SO ORDERED.**

**DATE:   November 13, 2018.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U.S. MAGISTRATE JUDGE**